1

2

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

3

4

5

6

7

8

9

10

11

12

13

| | |
|---|---|
| **Willetha Allison, Aleshia Anderson, Rashaad Daniels, Lamount Evans, Shawn Mayer, Kion McLemore, Raymond McNally, Frances Vasque, Shakura Felder, and William Wimberly,** on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>**Amazon.com, Inc., Integrity Staffing Solutions, Inc., AF Operations, LLC, SMX, LLC, and DOEs 1-50, jointly and severally,**<br><br>        Defendants. | No. 2:13-cv-01612-RSL<br><br>**SECOND AMENDED COMPLAINT— CLASS ACTION AND FLSA COLLECTIVE ACTION**<br><br>**JURY DEMAND** |

14

**INTRODUCTION**

15        1.        This is a class and collective action brought by Plaintiffs Willetha Allison, Aleshia

16 Anderson, Rashaad Daniels, Lamount Evans, Shawn Mayer, Kion McLemore, Raymond McNally,

17 Frances Vasque, Shakura Felder and William Wimberly ("Plaintiffs"), on behalf of themselves and

18 all similarly situated current and former hourly warehouse employees of Amazon.com, Inc.

19 ("Amazon"), Integrity Staffing Solutions, Inc. ("Integrity")[1], AF Operations, LLC

20 ("AF Operations"), SMX, LLC ("SMX"), DOEs 1-50 (collectively, the "Defendants"),

21 jointly and severely, to recover for Defendants' willful violation of the following:

22                a.        the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*;

23                b.        the Washington Minimum Wage Act, RCW 49.46, Industrial Welfare Act, RCW
                        49.12, and Wage Rebate Act, RCW 49.52;

24

25                c.        the California Labor Code, §§ 510, 1194, and 17200, *et seq.*;

26 ─────────────────
[1] Plaintiffs are cognizant that Integrity's Motion to Dismiss based on its assertion it is not subject to

27 jurisdiction in Washington is fully briefed and awaiting review and order by the Court. This Second Amended Complaint does not change nor does it add any allegations seeking to bolster Plaintiffs'

28 position that Integrity is subject to jurisdiction here. Thus, Plaintiffs assert that additional briefing on Integrity's Motion to Dismiss is not necessary, nor is an amended Motion to Dismiss required.

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA                                    1
COLLECTIVE ACTION

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

d. the Kentucky Wage-and-hours Act, K.R.S. §§ 337.101, *et seq*.;

e. the Arizona Wage-and-hours Act, A.R.S. §§ 23-363, *et. seq*.; and

f. the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*

2. Plaintiffs, and those similarly situated, were subjected to Defendants' policy and practice of requiring all hourly warehouse employees to pass through security clearance checkpoints after clocking out at the end of their shift and failing to pay overtime at a rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours during a workweek.

3. Specifically, Plaintiffs complain that Defendants violated the FLSA and attendant state laws by requiring their hourly warehouse workers to pass through a security checkpoint before taking lunch and again at the end of each shift, for which they were not compensated. Plaintiffs bring this action as a nation-wide collective action pursuant to 29 U.S.C. § 216(b).

4. As a result of Defendants' mandatory security clearances, Plaintiffs were only permitted to take an uninterrupted meal period of less than 30 minutes even though they were forced to clock-out for 30 minutes.

5. The individuals Plaintiffs seek to represent in this action include current and former hourly warehouse employees who worked for Amazon, Integrity, AF Operations, and/or SMX at any time in the past three years. Plaintiffs contend that Defendants' improper timekeeping and pay policies and practices resulted in the failure to properly compensate their hourly warehouse employees with overtime pay as required under applicable federal law.

6. Plaintiffs seek a declaration that their rights, and the rights of other Class members, were violated, an award of unpaid wages, an award of liquidated damages, and an award of attorneys' fees and costs to make them whole for damages suffered.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiffs' claim raises a federal question under 29 U.S.C. §§ 201, *et seq.*

8. This Court has personal jurisdiction over each and every Defendant because each and every Defendant has its principal place of business in this District and/or sufficient contacts with this

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

2

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

1    District to purposefully avail themselves of the benefits and protections offered by this District.

2        a.  Upon information and belief, Amazon operates its corporate headquarters in this

3            District at 1200 12th Ave. South, Ste. 1200, Seattle, WA 98144.

4        b.  Upon information and belief, AF Operations, a wholly-owned subsidiary of

5            Amazon, operates its corporate headquarters in this District at 10328 Main Street,

6            Bellevue, WA 98004.

7        c.  Upon information and belief, Integrity advertised and/or otherwise staffed

8            employment positions in this District during the past three years.  Specifically:

9            i.   On April 19, 2013, Integrity posted an ad to fill a Marketing-Digital

10               Graphic Designer position in Seattle, WA. (attached hereto as Exhibit A).

11           ii.  On, May 1, 2013, Integrity posted an add to fill a Clerical-Receptionist-

12               Administrative Support position in Seattle, WA. (attached hereto as

13               Exhibit B); and On October 18, 2013, Integrity listed that the position

14               advertised on May 1, 2013, was no longer available.  (attached hereto as

15               Exhibit C).

16       d.  Upon information and belief, SMX operates its corporate headquarters at 860

17           West Evergreen Ave., Chicago, Illinois 60642 and advertised and/or staffed

18           employment positions at Amazon's AF Operations Bellevue, Washington,

19           warehouse.

20   9.    This Court has jurisdiction over this FLSA Collective Action pursuant to 29 U.S.C. §

21   216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in

22   any Federal or State court of competent jurisdiction."

23   10.   Defendants' annual sales each exceed $500,000 and each employs more than two

24   persons, so the FLSA applies in this case on an enterprise basis.  Defendants' employees engage in

25   interstate commerce and therefore they are also covered by the FLSA on an individual basis.

26   11.   This Court has jurisdiction over Plaintiffs' state law class claims pursuant to the Class

27   Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The aggregate claims of the individual Class

28

---

1   members exceed the sum value of $5,000,000 exclusive of interest and costs, there are believed to

2   be in excess of 100 Class members, and this is a case in which more than two-thirds of the proposed

3   Class members and Defendants are citizens of different states.

4        12.    The Court has supplemental jurisdiction over the various state law wage-and-hour

5   Classes pursuant to 28 U.S.C. § 1367 because the facts supporting Plaintiffs' FLSA claims are

6   derived from a common nucleus of facts that support the various state wage-and-hour claims such

7   that they should be adjudicated in one judicial proceeding. *United Mine Workers v. Gibbs*, 383

8   U.S. 715 (1966).  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions

9   and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

11        13.    Plaintiff Willetha Allison is an individual who resides in Indianapolis, Indiana.  Ms.

12   Allison worked for Integrity from October 2010 until March 2011 as a Stower at Amazon's

13   Whitestown, Indiana, warehouse.  In March 2011, Ms. Allison was hired directly into Amazon as a

14   Stower and currently holds that position.  Ms. Allison filed her consent to sue form.  *See* Dkt 2.

15        14.    Plaintiff Aleshia Anderson is an individual who resides in Richmond, Virginia.  Ms.

16   Anderson worked from October 10, 2012, until January 5, 2013, and again from February 20, 2013,

17   until the present day as a Picker at Amazon's Dinwiddie, Virginia, warehouse.  Ms. Anderson has

18   filed her consent to sue form. *See* Dkt 2.

19        15.    Plaintiff Rashaad Daniels is an individual who resides in Indianapolis, Indiana.  Mr.

20   Daniels worked for Integrity from May 2009 until August 2011 as a Picker at Amazon's

21   Whitestown, Indiana, warehouse.  Mr. Daniels has filed his consent to sue form. *See* Dkt 2.

22        16.    Plaintiff Lamount Evans is an individual who resides in Petersburg, Virginia.  Mr.

23   Evans worked from October 2012 until December 2012 as a Picker at Amazon's Chester, Virginia,

24   warehouse.  Mr. Evans has filed his consent to sue form.  *See* Dkt 2.

25        17.    Plaintiff Shawn Mayer is an individual who resides in Goodyear, Arizona.  Mr.

26   Mayer worked from August 2012 until January 2013 as a Picker at Amazon's Goodyear and

27   Phoenix, Arizona, warehouses.  Mr. Mayer has filed his consent to sue form.  *See* Dkt 2.

**SECOND AMENDED COMPLAINT—**
**CLASS ACTION AND FLSA**
**COLLECTIVE ACTION**

4

**JOHNSON BECKER, PLLC**
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

18.    Plaintiff Kion McLemore is an individual who resides in Buckeye, Arizona.   Mr. McLemore worked from October 2011 until December 2011 as a Picker at Amazon's Phoenix, Arizona, warehouse.  Mr. McLemore has filed his consent to sue form.  *See* Dkt 2.

19.    Plaintiff Raymond McNally is an individual who resides in San Bernardino, California.  Mr. McNally worked from October 2012 until January 2013 as a Packer at Amazon's San Bernardino, California, warehouse.  Mr. McNally has filed his consent to sue form.  *See* Dkt 2.

20.    Plaintiff Frances Vasque is an individual who resides in Allentown, Pennsylvania. Mr. Vasque began work in October 2012 in inventory control and is presently employed as a stower at Amazon's Breinigsville, Pennsylvania, warehouse.  Mr. Vasque has filed his consent to sue form. *See* Dkt 18.

21.    Plaintiff Shakura Felder is an individual who resides in Federal Way, Washington. Ms. Fleder worked for SMX at AF Operations from November 2012 until February 2013 as a Warehouse Associate in its AmazonFresh Bellevue, Washington, warehouse.  Ms. Felder has filed her consent to sue form. *See* Dkt 43.

22.    Plaintiff William Wimberly is an individual who resides in Lexington, Kentucky. Mr. Wimberly began work in March 2001 and continues to work as an Associate Tier I at Amazon's Lexington, Kentucky, warehouse.  Mr. Wimberly has filed his consent to sue form. *See* Dkt 43.

23.    Defendant Amazon.com, Inc. was founded in 1994 and is headquartered in Seattle, Washington.  Currently, Amazon is a Fortune 100 company.[2]

24.    According to its website, Amazon's mission is "to be Earth's most customer-centric company, where customers can find and discover anything they might want to buy online, and endeavors to offer its customers the lowest possible prices."[3]   Amazon and its affiliated sellers offer millions of unique, new, refurbished, and used items in categories such as books, movies, music and games, digital downloads, electronics and computers, home and garden, toys, kids and baby goods,

---

[2] *See* http://www.amazon.com/b?_ref=career_AA&node=239364011 (last visited Dec. 20, 2013).

[3] *Id.*

**SECOND AMENDED COMPLAINT—**
**CLASS ACTION AND FLSA**
**COLLECTIVE ACTION**

5

**JOHNSON BECKER, PLLC**
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

grocery, apparel, shoes and jewelry, health and beauty, sports and outdoor, and tools, auto, and industrial products.[4]

25.     Defendant Integrity Staffing Solutions, Inc. was founded in 1997 and is headquartered in Wilmington, Delaware.  Integrity services thousands of clients in Arizona, Connecticut, Delaware, Florida, Kentucky, Maryland, New York, Nevada, New Jersey, Ohio, Pennsylvania, and Washington.[5]

26.     Integrity offers a number of services to its clients, including leasing warehouse and other hourly employees to customers like Amazon at warehouse facilities throughout the United States:  "Each year, Integrity places thousands of people just like you in seasonal jobs at Amazon fulfillment centers across the country."[6]

27.     Defendant AF Operations is headquartered in Bellevue, Washington, and is a wholly-owned subsidiary of Amazon.  Upon information and belief, Amazon and/or AF Operations advertise and staffs positions at various AF Operations locations in the Los Angeles, California, and Seattle, Washington, areas.

28.     AF Operations, which operates Amazon's AmazonFresh warehouses, offers same-day and early morning delivery of a broad selection of items, including fresh grocery and local products.[7]

29.     Defendant SMX, LLC is an Illinois corporation headquartered in Chicago, Illinois.

30.     SMX provides "sustainable workforce management solutions across the Americas, Europe and the Asia-Pacific region" and is "the leading workforce management provider with deep domain expertise supporting clients in the manufacturing, distribution and logistics segments."[8]

---

[4] *See id.*

[5] *See*  http://www.integritystaffing.com/aboutus/index.aspx  (last visited Dec. 20, 2013); *see also* Exhibits A-C.

[6] *See*  http://jobs.integritystaffing.com/go/Integrity@Amazon-Jobs/295839/?utm_source=careersite (last visited Dec. 20, 2013).

[7] *See* http://fresh.amazon.com/help (last visited Dec. 20, 2013).

[8] *See* http://www.staffmanagement.com/Staffing/Company.aspx (last visited Dec. 20, 2013)

---

**SECOND AMENDED COMPLAINT—**
**CLASS ACTION AND FLSA**
**COLLECTIVE ACTION**

6

**JOHNSON BECKER, PLLC**
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

31. The DOE Defendants in this matter are the entities and/or individuals that, together with the named Defendants, employed Plaintiffs and members of the putative Class and are thus jointly and severely liable for the violations of the FLSA and possibly for violating other state wage-and-hour laws. Plaintiffs will seek leave from this Court to amend this Complaint to include those entities should the factual record support doing so.

32. At all relevant times, Defendants were Plaintiffs' "employer," and the companies were engaged in "interstate commerce" as defined in the FLSA.

33. AF Operations in a wholly-owned subsidiary of Amazon—indeed, the managers of AF Operations, Stephanie Burns, David Clark, and John Felton, are all high-ranking Amazon employees. Stephanie Burners is Amazon's Director of Legal, David Clark is Amazon's Vice President Worldwide Operations and Customer Service, and John Felton is Amazon's Finance Director. Upon information and belief, Amazon and/or AF Operations have an agreement with Integrity and SMX to provide staffing services for its warehouses. Amazon and/or AF Operations pay Integrity and SMX a set hourly rate to provide workers for its warehouses and Integrity and SMX then set the hourly rate for their direct employees.

34. Upon information and belief, there exists a written contract between Amazon and/or AF Operations and the various staffing agencies they use to staff their warehouses, including Integrity and/or SMX.

35. Defendants share a joint employment relationship in connection with Plaintiffs and the putative Class members.

36. Integrity and SMX specifically solicited Plaintiffs and putative Class members for employment in fulfillment centers operated by Amazon and/or AF Operations. Plaintiffs' and the Class's employment by Integrity and SMX was for the specific purpose of working for Amazon and/or AF Operations.

37. Many warehouse workers are direct employees of, receive their schedule from, and are directly paid by Integrity and/or SMX. Integrity and/or SMX receive instruction from Amazon and/or

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

7

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

AF Operations regarding specific scheduling and staffing requirements which they, in turn, impress upon their employee.

38.     Integrity hired employees exclusively for the purpose of working in Amazon or AF Operations warehouses.  Plaintiffs' and the Class's employment at the fulfillment centers was at all times exclusively for Amazon's and/or AF Operations's benefit.  Amazon and/or AF Operations could, and in fact did, hire Integrity employees as permanent Amazon employees after a certain period of time.

39.     SMX hired employees exclusively for the purpose of working in Amazon or AF Operations warehouses.  Plaintiffs' and the Class's employment at the fulfillment centers was at all times exclusively for Amazon's and/or AF Operations's benefit.  Amazon and/or AF Operations could, and in fact did, hire SMX employees as permanent Amazon employees after a certain period of time.

40.     Integrity employees were monitored, directed, and trained by Amazon and/or AF Operations.

41.     SMX employees were monitored, directed, and trained by Amazon and/or AF Operations.

42.     Upon information and belief, Amazon and/or AF Operations direct Integrity and/or SMX with regard to their staffing needs at the respective fulfillment centers.  This includes identifying the employees' work schedules and conditions of employment for all warehouse employees directly employed with Integrity and/or SMX.  Amazon and/or AF Operations, by directing and monitoring Integrity and/or SMX, supervise and control which shifts and what hours will be worked by all warehouse employees, their specific work assignments, the provision of rest and meal breaks, and all security clearance measures for all warehouse employees directly employed by Integrity and/or SMX.

43.     Integrity and/or SMX employees report to and are supervised directly by Amazon and/or AF Operations during the course of their workdays, and Amazon and/or AF Operations managers and supervisors directly oversee and direct the daily work activities of all warehouse employees, including employees of Integrity and/or SMX.

44.     When an Integrity and/or SMX employee quit they informed Amazon and/or AF Operations.

**SECOND AMENDED COMPLAINT—**
**CLASS ACTION AND FLSA**                              8
**COLLECTIVE ACTION**

**JOHNSON BECKER, PLLC**
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

45.     Temporary warehouse employees, including those directly employed by Integrity and/or SMX, use the facilities and equipment of Amazon and/or AF Operations to perform their work tasks. Such temporary employees are also subject to limitations set by Amazon and/or AF Operations on the number of hours that can be worked for those companies before they are either hired as permanent employees or terminated from their positions in the fulfillment centers.

46.     Amazon and/or AF Operations determines the hourly compensation structure and hourly rate of pay for all warehouse employees, including those directly employed by Integrity and/or SMX, and maintain employment records, including timekeeping and payroll records, for all such employees. Indeed, the Declaration of Lorraine Colby filed by Amazon and AF Operations earlier in this case confirms that "Amazon maintains information regarding the employment status and history of warehouse associates in the United States, including whether an associate was employed by Amazon, one of its subsidiaries [(i.e., AF Operations)], or a staffing agency [(i.e., Integrity and/or SMX)] and if so, when and where the associate was employed." *See Declaration of Lorraine Colby*, Dkt. No. 81, at 2.[9]

47.     Upon information and belief, Amazon and/or AF Operations, or a third party security company supervised by Amazon and/or AF Operations, direct and control the security procedures that must be followed by all warehouse employees, including the security checks required before leaving the facility at the end of shifts or before meal breaks.  If an Integrity and/or SMX employee was found to be stealing, an Amazon and/or AF Operations employee would remove them from the security line, escort them to an office, and call the police.

48.     Upon information and belief, Amazon and/or AF Operations retain the right to instruct their contractors, including Integrity and/or SMX, to terminate any warehouse employee who fails to comply with the standards of conduct and productivity set by Amazon and/or AF Operations, including those employees caught or suspected of stealing from the facility as a result of the security checks. *See Abdallah v. Allegheny Valley Sch.*, No. CIV. A. 10-5054, 2011 WL 344079 (E.D. Pa. Feb. 1, 2011)

---

[9] Plaintiffs' reference to the *Colby Declaration* is not submitted for any evidentiary purpose or to be construed in a manner that would subject the SAC to a Rule 56 summary judgment motion.

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

9

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

(plaintiff, a direct employee of a temporary staffing service, adequately alleged joint employer status where he averred that his daily assignments were delegated by alleged joint employer, he was required to adhere to alleged joint employer's policies and directions, and alleged joint employer maintained significant power over his employment); *Lounds v. Spherion Staffing LLC*, No. 11-1144-CM-KGS, 2011 WL 6013472 (D. Kan. Dec. 2, 2011) (plaintiff, a direct employee of a temporary staffing service, adequately alleged joint employer status where she alleged that she received training from alleged joint employer, reported absences to alleged joint employer, and had her employment terminated by alleged joint employer); *Jennings v. Rapid Response Delivery, Inc.*, No. CIV. WDQ-11-0092, 2011 WL 2470483 (D. Md. June 16, 2011) (plaintiffs, direct employees of a trucking company, adequately alleged joint employer status where they averred that their wages and hours were set by their direct employer's contract with the alleged joint employer, they were assigned to work exclusively for the alleged joint employer, could be terminated that the request of the alleged joint employer, and their hours of work and lack of break periods were controlled by the alleged joint employer); *Deras v. Verizon Maryland, Inc.*, No. CIV.A. DKC 09-0791, 2010 WL 3038812 (D. Md. July 30, 2010) (plaintiffs, direct employees of the alleged joint employer's subcontractor, adequately alleged joint employer status where they averred that were hired for the exclusive purpose of laying joint employer's cable, worked exclusively on alleged joint employer's worksites, were monitored and occasionally directed by alleged joint employer, and were required to attend joint employer's training sessions); *Hexemer v. Gen. Elec. Co.*, No. 1:12-cv-1808 (LEK/CFH), 2013 WL 4854350, at *3 (N.D.N.Y. Sept. 11, 2013) (noting that "an entity need not be involved in the hiring or payment of a plaintiff to be a joint employer") (citing cases).

## COMMON ALLEGATIONS

49.    Amazon is in the business of selling various goods to consumers around the world by way of the internet.  In order to meet its substantial sales demands, Amazon keeps its inventory in enormous fulfillment centers (i.e., warehouses) in at least 14 states, including: Arizona, California, Delaware, Indiana, Kansas, Kentucky, Nevada, New Hampshire, Pennsylvania, South Carolina,

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

10

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

Tennessee, Texas, Virginia, and Washington.[10]

50.    AF Operations, a wholly-owned subsidiary of Amazon, is in the business of selling a broad selection of fresh grocery and local products by way of the internet using the name AmazonFresh.  In order to meet its substantial sales demands, AmazonFresh keeps its inventory in enormous fulfillment centers (i.e., warehouses) in the Seattle, Washington, and Los Angeles, California, areas.

51.    Integrity is in the business of providing labor services to other companies and businesses throughout the United States, which includes providing the staffing for warehouses owned and/or operated by Amazon nationwide.

52.    Integrity is the direct employer of many Plaintiffs, and exercises direct control over the hours and wages of Plaintiffs and all similarly-situated hourly shift employees at all of Amazon's warehouse locations nationwide.  Upon information and belief, Integrity employs thousands of hourly warehouse workers like Plaintiffs at each of the warehouse operations who are subject to the same security clearance policies complained of herein.

53.    SMX is in the business of providing labor services to other companies and businesses throughout the United States, which includes providing staffing for warehouses owned and/or operated by Amazon and/or its subsidiaries nationwide.

54.    Defendants maintained, enforced, and implemented a security clearance policy for all hourly warehouse employees who worked at Amazon and/or AF Operations warehouse locations throughout the United States.

55.    Plaintiffs were required to undergo a daily security clearance before leaving for lunch and again at the end of each shift.  Plaintiffs were not compensated for the time spent undergoing the security clearance before they were released from work and permitted to leave the warehouse facility.  Defendants' policy of requiring hourly warehouse employees to undergo a thorough security clearance before being released from work and permitted to leave the facility was solely for

---

[10] *See* http://www.amazon.com/Locations-Careers/b?ie=UTF8&node=239366011 (last visited Dec. 20, 2013).

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA                    11
COLLECTIVE ACTION

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

the benefit of the employers and their customers and was integral and indispensable to the Plaintiffs'

principal activities.

56. Amazon's and/or AF Operations's warehouse facilities are enormous in that each covers approximately seven football fields in total area.

57. As warehouse employees, Plaintiffs fulfilled orders made by Amazon customers. Plaintiffs walked throughout their respective warehouse facilities with collection carts and retrieved products from the shelves and directed the products for distribution to customers. Given the size of the warehouses, Plaintiffs walked a significant distance every day and spent a significant amount of time walking from one end of the facility to another.

58. Pursuant to Defendants' policies and practices, Plaintiffs and all other similarly-situated warehouse workers were required to go through a security clearance search before leaving the facilities for lunch and again at the end of the day. The search was meant to prevent employee theft, and it is an integral and indispensable part of the principal activities of a warehouse employee that they not take items out of the warehouse other than in the way proscribed by Defendants. In fact, not contributing to "shrinkage" and abiding by company procedures for inventory control is an integral and indispensable aspect of Plaintiffs' job and is done for the benefit of Defendants.

59. At the end of their respective shifts hundreds of warehouse employees would walk to the timekeeping system to clock out and were then required to wait in line to be searched for possible warehouse items taken without permission and/or other contraband. Thus, at the direction and control of Defendants, and solely for the benefit of the Defendants and/or their customers, Plaintiffs and all other similarly-situated warehouse employees were required to wait before each lunch period and again approximately 25 minutes each day at the end of each shift without any compensation in order to undergo a search for possible contraband or pilferage of inventory.

60. Defendants forced Plaintiffs and all other similarly-situated warehouse workers to undergo an intense security clearance: warehouse workers were required to remove all personal belongings like wallets, keys, and belts and would then pass through metal detectors before being released from work and permitted to leave the facility. In addition, warehouse workers were unable

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

12

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

to engage in any personal activities during the wait.  In fact, Defendants' policies and practices required warehouse employees to leave their personal belongings such as cell phones in their vehicles.

61.     Plaintiffs were required to undergo security clearances during their meal break that resulted in less than a 30 minute uninterrupted meal break even though they were forced to clock-out for 30 minutes.

62.     Recently, in *Busk v. Integrity Staffing Solutions, Inc.*, the U.S. Court of Appeals for the Ninth Circuit held Plaintiffs' FLSA claims for unpaid time spent performing the same security clearance, before they were released from work and permitted to leave the warehouse facility, were plausible and sufficient to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> Here, [plaintiffs] have alleged that Integrity requires the security screenings, which must be conducted at work. They also allege that the screenings are intended to prevent employee theft — a plausible allegation since the employees apparently pass through the clearances only on their way out of work, not when they enter. As alleged, the security clearances are necessary to employees' primary work as warehouse employees and done for Integrity's benefit. Assuming, as we must, that these allegations are true, the plaintiffs have stated a plausible claim for relief.

*Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 530-31 (9th Cir. 2013).

63.     Upon information and belief, Plaintiffs were schedule to work, and did work, at least forty (40) hours per week.

64.     Defendants did not pay any of their hourly warehouse workers any compensation for the time spent waiting for and undergoing daily security clearances.

65.     Defendants did not compensate any of their hourly warehouse workers at a rate equal to or greater than one and one-half their regular hourly rate of pay whenever they required, suffered, or permitted the warehouse employees to work more than 40 hours per week.

66.     Such knowing and willful disregard of the law by knowledgeable and sophisticated staffing companies and one of the nation's leading retail giants can no longer be countenanced.

67.     Plaintiffs bring their claims as a "hybrid action" under federal and state law.

---

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

13

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

"Although some district courts have held that a FLSA collective action cannot be brought in the same lawsuit as a state-law class action based on the same underlying allegations, all circuit courts to consider the issue have held that the different opting mechanisms do not require dismissal of the state claims." *Busk*, 713 F.3d at 528; *see also Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 761 (9th Cir. 2010).

## FLSA COLLECTIVE ACTION ALLEGATIONS

68.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of all the following class:

> All current and former hourly warehouse employees who worked for Amazon.com, Inc., Integrity Staffing Solutions, Inc., AF Operations, LLC, and/or SMX, LLC in the United States at any time during the past three years.

69.     Excluded from the Class are all of Defendants' executives, administrative, and professional employees, including computer professionals and outside sales persons.

70.     With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the workers described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b).  The class of workers on behalf of whom Plaintiffs bring this collective action are similarly situated because (a) they worked in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policies, and compensation scheme; and (c) their claims are based upon the same factual and legal theories.

71.     The working relationship between Defendants and every Class member is exactly the same and differs only by name, location, and rate of pay.  The key issue—whether Defendants' security clearance policy and compensation scheme comply with the FLSA—does not vary substantially from Class member to Class member.

72.     The key legal issues are also the same for every Class member, *to wit*: (1) whether the hourly warehouse workers' time spent in security clearance lines is compensable; (2) whether Defendants are complying with the federal and state overtime laws; and (3) whether Defendants' unlawful pay practices are willful.

**SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION**

14

**JOHNSON BECKER, PLLC**
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

73.     Plaintiffs estimate that the Class, including both current and former employees over the relevant period, will include several thousand members.  The precise number of Class members should be readily available from a review of Defendants' personnel and payroll records.

## NATIONAL BREACH OF CONTRACT
## CLASS ACTION ALLEGATIONS

74.     Plaintiffs bring this action pursuant to Rule 23(b)(2) and (b)(3) on their own behalf and on behalf of all similarly situated current and former hourly warehouse workers who were employed by Defendants any time during the relevant time period (the "Breach of Contract Class").

75.     The members of the Breach of Contract Class are so numerous that joinder of all Breach of Contract Class members in this case would be impractical.  Plaintiffs reasonably estimate that there are over 1,000 warehouse worker Breach of Contract Class members that reside and work in at least 14 different states.  Breach of Contract Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

76.     There is a well-defined community of interest among Breach of Contract Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Breach of Contract Class.  These common legal and factual questions, include, but are not limited to, the following:

    a.  Whether Defendants breached their contracts with Plaintiffs and the Breach of Contract Class by not paying hourly warehouse workers for time spent in security clearance lines; and

    b.  For example only, whether Plaintiffs and the Breach of Contract Class are owed wages and other penalties (above the federally mandated overtime due under the FLSA) under the wage-and-hour laws of at least 14 states in which the warehouse workers work, and if so, the appropriate amount thereof.

77.     Plaintiffs' claims are typical of those of the Breach of Contract Class in that Plaintiffs and all other Breach of Contract Class members suffered damages as a direct and proximate result of Defendants' unlawful policies and compensation scheme.  Plaintiffs' claims arise from the same policies, practices, and courses of conduct as all other Breach of Contract Class members' claims and Plaintiffs' legal theories are based on the same legal theories as all other Breach of Contract

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

15

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

Class members.

78.    Plaintiffs will fully and adequately protect the interests of the Breach of Contract Class and Plaintiffs have retained counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour and breach of contract class actions.  Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the Breach of Contract Class.

79.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Breach of Contract Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by Defendants. Prosecution of this case as a class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

80.    This case is manageable as a class action.  Plaintiffs and their counsel know of no unusual difficulties in this case and Defendants have advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

81.    Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

82.    Because Defendants have acted and refused to act on grounds that apply generally to the Breach of Contract Class, and declaratory relief is appropriate in this case with respect to the Breach of Contract Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## **WASHINGTON CLASS ACTION ALLEGATIONS**

83.    Plaintiff Shakura Felder brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative Class defined to include:

> All current and former hourly warehouse employees who worked for
> Amazon.com, Inc., Integrity Staffing Solutions, Inc., AF Operations,

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

16

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

LLC, and/or SMX, LLC in Washington and during the last three years were not paid for time spent waiting for and undergoing mandatory daily security clearances and/or had their 30-minute meal periods truncated or interrupted by mandatory security clearance procedures.

84. *Numerosity:*  The members of the Washington Class are so numerous that joinder of all members in the case would be impracticable.  On information and belief the number of hourly warehouse employees numbers in the hundreds.

85. *Commonality/Predominance:*  There is a well-defined community of interest among Washington Class members and common questions of *both* law and fact predominate in the action over any questions affecting individual members.  These common legal and factual questions, include, but are not limited to, the following:

    a. Whether the time Washington Class members spent waiting for and undergoing mandatory daily security clearances is compensable under the Washington Minimum Wage Act and/or the Washington Industrial Welfare Act;

    b. Whether Washington Class members are owed wages (above the federally or state mandated minimum wage and overtime due under the Washington Minimum Wage Act) for time spent waiting for and undergoing mandatory daily security clearances;

    c. Whether Washington Class members were deprived of proper meal periods under the Washington Industrial Welfare Act and the Washington Administrative Code, WAC 296-126-092; and

    d. Whether Defendants' violations were willful, entitling the Washington Class members to exemplary damages under the Washington Wage Rebate Act, RCW 49.52.070.

86. *Typicality:*  Plaintiffs' claims are typical of those of the Washington Class in that Plaintiffs and all other members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices.  Plaintiffs' claims arise from Defendants' similar policies, practices, and course of conduct as all other Washington Class members' claims and Plaintiffs' legal theories are based on the same legal theories as all other Washington Class members.

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

17

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

87.  *Adequacy:*  Plaintiff Shakura Felder will fully and adequately protect the interests of the Washington Class and Plaintiffs have retained national counsel and Washington counsel who are qualified and experienced in the prosecution of nationwide and Washington wage-and-hour class actions.  Neither Plaintiffs nor their counsel has interests that are contrary to, or conflicting with, the interests of the Washington Class.

88.  *Superiority:*  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for Washington Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

89.  The case will be manageable as a class action.  Plaintiffs and their counsel know of no unusual difficulties in the case and Defendants have advanced networked computer and payroll systems that will allow the class, wage, and damages issues in the case to be resolved with relative ease.

90.  Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

## CALIFORNIA CLASS ACTION ALLEGATIONS

91.  Plaintiff Raymond McNally brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative Class defined to include:

> All current and former hourly warehouse employees who worked for Amazon.com, Inc., Integrity Staffing Solutions, Inc., AF Operations, LLC, and/or SMX, LLC in California and during the last three years were not paid for time spent waiting for and undergoing mandatory daily security clearances and/or had their 30-minute meal periods truncated or interrupted by mandatory security clearance procedures.

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

18

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

92.    *Numerosity:*  The members of the California Class are so numerous that joinder of all members in the case would be impracticable.  On information and belief the number of hourly warehouse employees numbers in the hundreds.

93.    *Commonality/Predominance:*  There is a well-defined community of interest among California Class members and common questions of *both* law and fact predominate in the action over any questions affecting individual members.  These common legal and factual questions, include, but are not limited to, the following:

   a.  Whether the time California Class members spent waiting for and undergoing mandatory daily security clearances is compensable under the California Labor Code;

   b.  Whether California Class members are owed wages (above the federally or state mandated minimum wage and overtime due under the California Labor Code) for time spent waiting for and undergoing mandatory daily security clearances; and

   c.  Whether Defendants' violations were willful.

94.    *Typicality:*  Plaintiffs' claims are typical of those of the California Class in that Plaintiffs and all other members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices.  Plaintiffs' claims arise from Defendants' similar policies, practices, and course of conduct as all other California Class members' claims and Plaintiffs' legal theories are based on the same legal theories as all other California Class members.

95.    *Adequacy:*  Plaintiff, Raymond McNally, will fully and adequately protect the interests of the California Class and Plaintiffs have retained national counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions.  Neither Plaintiffs nor their counsel has interests that are contrary to, or conflicting with, the interests of the California Class.

96.    *Superiority:*  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

19

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

California Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

97.     The case will be manageable as a class action.  Plaintiffs and their counsel know of no unusual difficulties in the case and Defendants have advanced networked computer and payroll systems that will allow the class, wage, and damages issues in the case to be resolved with relative ease.

98.     Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

## <u>KENTUCKY CLASS ACTION ALLEGATIONS</u>

99.     Plaintiff William Wimberly brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative Class defined to include:

> All current and former hourly warehouse employees who worked for Amazon.com, Inc., Integrity Staffing Solutions, Inc., AF Operations, LLC, and/or SMX, LLC in Kentucky and during the last three years were not paid for time spent waiting for and undergoing mandatory daily security clearances.

100.     *Numerosity:*  The members of the Kentucky Class are so numerous that joinder of all members in the case would be impracticable.  On information and belief the number of hourly warehouse employees numbers in the hundreds.

101.     *Commonality/Predominance:*  There is a well-defined community of interest among Kentucky Class members and common questions of *both* law and fact predominate in the action over any questions affecting individual members.  These common legal and factual questions, include, but are not limited to, the following:

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

20

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

a. Whether the time Kentucky Class members spent waiting for and undergoing mandatory daily security clearances is compensable under the Kentucky Wage Statutes;

b. Whether Kentucky Class members are owed wages (above the federally or state mandated minimum wage and overtime due under the Kentucky Wage Statutes) for time spent waiting for and undergoing mandatory daily security clearances; and

c. Whether Defendants' violations were willful.

102. *Typicality:* Plaintiffs' claims are typical of those of the Kentucky Class in that Plaintiffs and all other members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. Plaintiffs' claims arise from Defendants' similar policies, practices, and course of conduct as all other Kentucky Class members' claims and Plaintiffs' legal theories are based on the same legal theories as all other Kentucky Class members.

103. *Adequacy:* Plaintiff William Wimberly will fully and adequately protect the interests of the Kentucky Class and Plaintiffs have retained national counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions. Neither Plaintiffs nor their counsel has interests that are contrary to, or conflicting with, the interests of the Kentucky Class.

104. *Superiority:* A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for Kentucky Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

105. The case will be manageable as a class action. Plaintiffs and their counsel know of no unusual difficulties in the case and Defendants have advanced networked computer and payroll systems that will allow the class, wage, and damages issues in the case to be resolved with relative ease.

**SECOND AMENDED COMPLAINT—**
**CLASS ACTION AND FLSA**
**COLLECTIVE ACTION**

21

**JOHNSON BECKER, PLLC**
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

106.    Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

### ARIZONA CLASS ACTION ALLEGATIONS

107.    Plaintiffs Shawn Mayer and Kion McLemore bring this action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative Class defined to include:

> All current and former hourly warehouse employees who worked for Amazon.com, Inc., Integrity Staffing Solutions, Inc., AF Operations, LLC, and/or SMX, LLC in Arizona and during the last three years were not paid for time spent waiting for and undergoing mandatory daily security clearances.

108.    *Numerosity:* The members of the Arizona Class are so numerous that joinder of all members in the case would be impracticable. On information and belief the number of hourly warehouse employees numbers in the hundreds.

109.    *Commonality/Predominance:* There is a well-defined community of interest among Arizona Class members and common questions of *both* law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions, include, but are not limited to, the following:

> a.    Whether the time Arizona Class members spent waiting for and undergoing mandatory daily security clearances is compensable under the Arizona Wage Statutes;
>
> b.    Whether Arizona Class members are owed wages (above the federally or state mandated minimum wage due under the Arizona Wage Statutes) for time spent waiting for and undergoing mandatory daily security clearances; and
>
> c.    Whether Defendants' violations were willful.

110.    *Typicality:* Plaintiffs' claims are typical of those of the Arizona Class in that Plaintiffs and all other members suffered damages as a direct and proximate result of Defendants'

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

22

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

common and systemic payroll policies and practices. Plaintiffs' claims arise from Defendants' similar policies, practices, and course of conduct as all other Arizona Class members' claims and Plaintiffs' legal theories are based on the same legal theories as all other Arizona Class members.

111. *Adequacy:* Plaintiffs Shawn Mayer and Kion McLemore will fully and adequately protect the interests of the Arizona Class and Plaintiffs have retained national counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions. Neither Plaintiffs nor their counsel has interests that are contrary to, or conflicting with, the interests of the Arizona Class.

112. *Superiority:* A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for Arizona Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

113. The case will be manageable as a class action. Plaintiffs and their counsel know of no unusual difficulties in the case and Defendants have advanced networked computer and payroll systems that will allow the class, wage, and damages issues in the case to be resolved with relative ease.

114. Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

## **PENNSYLVANIA CLASS ACTION ALLEGATIONS**

115. Plaintiff Frances Vasque brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative Class defined to include:

All current and former hourly warehouse employees who worked for

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

23

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

Amazon.com, Inc., Integrity Staffing Solutions, Inc., AF Operations, LLC, and/or SMX, LLC in Pennsylvania and during the last three years were not paid for time spent waiting for and undergoing mandatory daily security clearances.

116.   *Numerosity:*  The members of the Pennsylvania Class are so numerous that joinder of all members in the case would be impracticable.  On information and belief the number of hourly warehouse employees numbers in the hundreds.

117.   *Commonality/Predominance:*  There is a well-defined community of interest among Pennsylvania Class members and common questions of *both* law and fact predominate in the action over any questions affecting individual members.  These common legal and factual questions, include, but are not limited to, the following:

    a.   Whether the time Pennsylvania Class members spent waiting for and undergoing mandatory daily security clearances is compensable under the Pennsylvania Wage Statutes;

    b.   Whether Pennsylvania Class members are owed wages (above the federally or state mandated minimum wage and overtime due under the Pennsylvania Wage Statutes) for time spent waiting for and undergoing mandatory daily security clearances; and

    c.   Whether Defendants' violations were willful.

118.   *Typicality:*  Plaintiffs' claims are typical of those of the Pennsylvania Class in that Plaintiffs and all other members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices.  Plaintiffs' claims arise from Defendants' similar policies, practices, and course of conduct as all other Pennsylvania Class members' claims and Plaintiffs' legal theories are based on the same legal theories as all other Pennsylvania Class members.

119.   *Adequacy:*  Plaintiff Frances Vasque will fully and adequately protect the interests of the Pennsylvania Class and Plaintiffs have retained national counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions.  Neither Plaintiffs nor

**SECOND AMENDED COMPLAINT—**
**CLASS ACTION AND FLSA**                          24
**COLLECTIVE ACTION**

**JOHNSON BECKER, PLLC**
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

their counsel has interests that are contrary to, or conflicting with, the interests of the Pennsylvania Class.

120.     *Superiority:*   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for Kentucky Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

121.     The case will be manageable as a class action.  Plaintiffs and their counsel know of no unusual difficulties in the case and Defendants have advanced networked computer and payroll systems that will allow the class, wage, and damages issues in the case to be resolved with relative ease.

122.     Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

**COUNT I**
**(Collective Action)**

**VIOLATION OF THE FAIR LABOR**
**STANDARDS ACT, 29 U.S.C. §§ 201, *et seq*.**

**<u>FAILURE TO PAY OVERTIME</u>**

123.     Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

124.     At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. §§ 201, *et seq*.

125.     At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

126.     At all times relevant to this action, Plaintiffs were non-exempt "employees" of

**SECOND AMENDED COMPLAINT—**
**CLASS ACTION AND FLSA**                    25
**COLLECTIVE ACTION**

**JOHNSON BECKER, PLLC**
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

127.    Plaintiffs either: (1) engaged in commerce; (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

128.    At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs and all similarly situated current and former warehouse workers to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

129.    At all relevant times to this action, Defendants' policies and practices deprived Plaintiffs and Class members of wages that were owed for work performed during a given continuous workday and workweek.  In workweeks where Plaintiffs and Class members worked 40 hours or more, Defendants' policies and practices also deprived Plaintiffs and the Class of overtime pay at a rate of one and one-half times their regular rates of pay.

130.    At all times relevant to this action, Defendants required Plaintiffs and all similarly situated current and former Class members to perform substantial amounts of off-the-clock work that benefitted Defendants, but Defendants failed to pay these workers the federally mandated overtime compensation for any of these off-the-clock activities.

131.    The hours of off-the-clock work performed by Plaintiffs and similarly situated Class members are an essential part of the hourly workers' jobs and these activities and the time associated with these activities are not *de minimis*.

132.    At all times relevant to this action, Defendants refused to pay Plaintiffs and the Class for time spent in security clearance lines that should have been compensated as part of the hourly employees' workday principal activities.

133.    At all relevant times to this action, Defendants failed to keep accurate records and actively prevented hourly warehouse workers from reporting their actual work hours.

134.    In workweeks where Plaintiffs and other Class members worked 40 hours or more, hourly workers' uncompensated off-the-clock work should have been paid at the federally mandated rate of one and one-half times each worker's regularly hourly wage.  29 U.S.C. § 207.

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

26

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

135.     Plaintiffs and other Class members, by virtue of their job duties and activities actually performed, are all non-exempt employees.

136.     Defendants' violations of the FLSA were knowing and willful.  Defendants knew or could have determined how long it took hourly warehouse workers to complete the security clearances and it could have properly compensated Plaintiffs and the Class for these activities, but they did not.

137.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II
### (National Breach of Contract Class Action)

## <u>BREACH OF CONTRACT</u>

138.     Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

139.     At all times relevant to this action, Defendants had a contract with Plaintiffs and every other Breach of Contract Class member to pay each employee for each and every hour they worked at a pre-established (contractual) regularly hourly rate.

140.     Each Breach of Contract Class member's contractual hourly rate is identified in paystubs and other records that Defendants prepare as part of its regular business activities.

141.     Upon information and belief, each Breach of Contract Class member, including Plaintiffs, has an hourly rate between $10.00 and $15.00 per hour.

142.     Plaintiffs and every other Breach of Contract Class member performed under the contract by doing their jobs and carrying out the security clearance activities that Defendants required.

143.     By not paying Plaintiffs and every other Breach of Contract Class member the agreed upon hourly wage for the security clearance activities, Defendants systematically breached their

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

27

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

contracts with Plaintiffs and each other member of the Breach of Contract Class.

144.    Plaintiffs' and Breach of Contract Class members' remedies under the FLSA are inadequate in this case because Defendants' warehouse workers are paid more than the federally mandated minimum wage of $7.25 per hour.  Upon information and belief, Breach of Contract Class members' contractual rates of pay range from $10.00 to $15.00 per hour.

145.    Defendants also breached their duty of good faith and fair dealing by failing to keep track of the time Plaintiffs and other Breach of Contract Class members spent performing security clearance activities, which is a fundamental part of an "employer's job."

146.    The contract and contractual obligations in question are not employment contracts in that they do not relate to or guarantee that any services will be performed in the future.

147.    As a direct and proximate result of Defendants' breaches of the contracts alleged here, Plaintiffs and every other member of the Breach of Contract Class has been damaged, in an amount to be determined at trial.

148.    These claims are appropriate for nationwide class certification under Rules 23(b)(2) and (b)(3) because the law of contracts is substantially the same throughout the United States.

## COUNT III
### (Alternative National Breach of Contract Class Action)

### QUASI-CONTRACTUAL REMEDIES
### UNJUST ENRICHMENT

149.    Plaintiffs re-allege and incorporate paragraphs 1-75 and 116-130 herein and further allege as follows.

150.    At all times relevant to this action, Plaintiffs and every other Class member appeared for work and performed services for Defendants that directly benefitted Defendants and their clients and/or customers.

151.    As part of their ongoing working relationships with Defendants, Plaintiffs and other Class members expected to be paid wages for the time they spent waiting in security clearance lines.

152.    By not paying Plaintiffs and the Class for the time they spent performing these necessary activities, Defendants have been unjustly enriched at the expense of Plaintiffs and the

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

28

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

Class, in an amount to be determined at trial.

153.     By not paying Plaintiffs and other Class members for the time they spent performing necessary work-related activities, Defendants have also saved themselves thousands of dollars in unpaid payroll taxes—taxes that would have otherwise been credited to Plaintiffs' and Class members' benefit.

154.     It would be unjust and inequitable to allow Defendants to retain the benefit of the work performed by Plaintiffs and the Class without compensation.

155.     It would be unjust and inequitable to allow Defendants to retain the benefit of the job-related expenses advanced by Plaintiffs and the Class without reimbursement.

156.     These claims are appropriate for nationwide class certification under Rules 23(b)(2) and (b)(3) because the law of unjust enrichment is substantially the same throughout the United States.

**COUNT IV**
**(Washington State's Minimum Wage Act, RCW 49.46.130,**
**Brought by Plaintiff on Behalf of the Washington State Class)**

**<u>FAILURE TO PAY MINIMUM WAGE AND OVERTIME</u>**

157.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

158.     The Washington Minimum Wage Act, RCW 49.46.020, requires that non-exempt employees shall be paid at no less than the designated minimum wage for each hour or interval of work. Unlike the Fair Labor Standards Act, the Washington Minimum Wage Act does not permit satisfaction of this requirement through workweek averaging of an employee's compensation.

159.     RCW 49.46.130 provides in relevant part that "no employer shall employ any of his employees for a work week longer than [forty] 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-halftimes the regular rate at which he is employed."

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

29

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

160.     Plaintiff and the Washington State Class members are non-exempt employees entitled to be paid minimum wages for all hours worked and overtime compensation for all hours worked in excess of 40 in a workweek.

161.     By failing to pay Plaintiffs for the entire time spent proceeding through Defendants' mandatory security clearances, Defendants violated the provisions of RCW 49.46.020 and RCW 49.46.130.

162.     As a result of the unlawful acts of Defendants, Plaintiff and the Washington State Class have and continue to suffer damages, including but not limited to minimum wages and overtime wages, prejudgment interest, and attorneys' fees and costs pursuant to RCW 49.46.090 and RCW 49.48.030.

## COUNT V
### (Breach of Contract Brought By Plaintiff
### on Behalf of the Washington State Class)

## FAILURE TO PAY FOR ALL TIME WORKED

163.     Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

164.     At all times relevant to this action, Defendants had a contract with Plaintiffs and every other Washington Class member to pay each employee for each and every hour they worked at a pre-established (contractual) regularly hourly rate.

165.     Each Washington Class member's contractual hourly rate is identified in paystubs and other records that Defendants prepare as part of its regular business activities.

166.     Plaintiffs and every other Washington Class member performed under the contract by doing their jobs and carrying out the security clearance activities that Defendants required prior to meal breaks and prior to leaving the fulfillment centers for the day.

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

30

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

167.    By not paying Plaintiffs and every other Washington Class member the agreed upon hourly wage for the security clearance activities, Defendants systematically breached their contracts with Plaintiffs and each other member of the Washington Class.

168.    As a direct and proximate result of Defendants' breaches of the contracts alleged here, Plaintiffs and every other member of the Washington Class has been damaged, in an amount to be determined at trial.

### COUNT VI
**(Violation of Washington State Law: RCW 49.12.020**
**Brought By Plaintiff on Behalf of the Washington State Class)**

### **FAILURE TO PROVIDE MEAL AND REST PERIODS**

169.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

170.    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health; and it shall be unlawful to employ workers in any industry within the state of Washington at wages which are not adequate for their maintenance."

171.    A corresponding regulation, Wash. Admin. Code § 296-126-092, provides that "[e]mployees shall be allowed a meal period of at least 30 minutes" and that "[m]eal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer."

172.    The Washington Class members were required to spend a substantial amount of time every day during their 30 minute meal period undergoing security clearances.  Thus, the Washington Class members were only permitted to take an uninterrupted meal period of less than 30 minutes even though they were forced to clock-out for 30 minutes.

173.    Defendants' failure to provide the Washington Class with full 30-minute meal periods violated RCW 49.12 and its implementing regulations (WAC 296-126-092).

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

31

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

174.    Defendants' failure to pay additional compensation to the Washington Class members for the time spent passing mandatory security clearances, and therefore working, during their meal periods also violated the Minimum Wage Act, RCW 49.46.

175.    As a result of Defendants' unlawful acts, Plaintiff and the Washington State Class have and continue to suffer damages, including but not limited to payment for their interrupted meal periods, prejudgment interest, and attorneys' fees and costs pursuant to RCW 49.46.090 and RCW 49.48.030.

**COUNT VII**
**(Violation Of Washington State Law: RCW 49.52**
**Brought By Plaintiff on Behalf of The Washington State Class)**

**<u>WILLFULL VIOLATION</u>**

176.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

177.    RCW 49.52.050 provides in relevant part that any employer who "willfully and with intent to deprive the employee of any part of his wage, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance or contract" shall be guilty of a misdemeanor.  The statute further provides that any employer who "shall collect or receive from any employee a rebate of any part of wages thereto paid by such employer to such employee" shall be guilty of a misdemeanor.

178.    RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, and attorneys' fees and costs.

179.    By willfully failing to pay Washington Class members for the entire time spent proceeding through Defendants' mandatory security clearances and by denying Washington Class members compensation for wrongfully withheld meal periods, Defendants violated RCW 49.52.050.

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

32

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

180.    As a result of the willful and unlawful acts of the Defendants, the Washington State Class members have been deprived of compensation in amounts to be deterring at trial and pursuant to Wash. Rev. Code 49.52.070, the Washington State Class members are entitled to recover twice such damages, as well as attorney's fees and costs.

## Count VIII
### (California Class Action)

## VIOLATION OF THE CALIFORNIA
## LABOR CODE, §§ 510, 512(a)-(b), and 1194

## FAILURE TO PAY OVERTIME AND MEAL BREAK VIOLATIONS

181.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

182.    At all relevant times, in addition to the FLSA, Defendants were required to compensate Plaintiffs and all Class members employed in California at one and one-half times the regular rate of pay for all hours worked in excess of eight hours per day and/or forty hours per week.

183.    At all relevant times, Defendants suffered, permitted, and/or required Plaintiffs and all Class members to work in excess of eight hours per day and/or forty hours per week without being paid overtime as required by California law.

184.    As a result of the unlawful acts of Defendants, Plaintiffs and all Class members employed in California were deprived of their rightfully earned overtime pay in amounts to be determined at trial.

185.    Defendants' conduct violated California Labor Code §§ 510, 512(a)-(b), and 1194. Therefore, pursuant to California Labor Code § 1194 Plaintiffs and all Class members are entitled to recover damages for the nonpayment of overtime for all hours worked in excess of eight hours per day or forty hours per week, interest on that amount pursuant to California Labor Code §§ 218.6, 226.7, and reasonable attorneys' fees and litigation costs.

186.    None of the provisions of the California Labor Code can be contravened, set aside, abrogated, or waived by Plaintiffs or the Class.

187.    As a result of the foregoing conduct, Plaintiffs seek on behalf of themselves, and all

**SECOND AMENDED COMPLAINT—**
**CLASS ACTION AND FLSA**                33
**COLLECTIVE ACTION**

**JOHNSON BECKER, PLLC**
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

members of the Class employed in California, unpaid overtime wages at the required legal rate of one and one-half times their regular rate of pay during the relevant time period, all other damages, attorneys' fees and costs, restitution, penalties, injunctive relief, interest calculated at the highest legal rate, and all other relief allowed by law.

**Count IX**
**(California Class Action)**

**<u>VIOLATION OF BUS. & PROF. CODE §§ 17200, *et seq.*</u>**

188.   Plaintiffs re-allege and incorporate all previous paragraphs herein.

189.   Plaintiffs bring this action individually, on behalf of the Class, and on behalf of the general public pursuant to §§ 17200 *et seq.* of the California Business and Professions Code (the "Cal. Bus. & Prof. Code"), and the Unfair Competition Act (the "UCL").

190.   The Cal. Bus. & Prof. Code § 17204 prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice."  On behalf of the Class, Plaintiffs seek compensation for the loss of their property and the personal financial impacts they have suffered as a result of Defendants' unfair business practices.  Defendants' conduct, as described above, has been and continues to be deleterious to the Class and Plaintiffs are seeking to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

191.   The conduct of Defendants, as described above, constituted unlawful, unfair, unconscionable, and/or fraudulent business acts or practices which injured Plaintiffs and the Class members and caused them loss of money.

192.   The unlawful, unfair, unconscionable, and/or fraudulent business acts or practices adopted by Defendants, which injured Plaintiffs and the Class members causing them the loss of money, were conducted by Defendants in material part in the state of California and emanated to their business operations in other states.  Class members nationwide, therefore, were harmed and injured as a result of Defendants' conduct in California.  As such, the UCL applies to the entire Class's claims.

**SECOND AMENDED COMPLAINT—**
**CLASS ACTION AND FLSA**
**COLLECTIVE ACTION**

34

**JOHNSON BECKER, PLLC**
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

193.    Defendants adopted unlawful business and employment policies, entered into agreements, and conspired amongst themselves to engage in the above-described unlawful, unfair, unconscionable, and/or fraudulent business acts and practices nationwide, and that conduct harmed Class members and caused them injury and financial loss.  As such, the UCL applies to all such transactions and dealings.  The Plaintiffs, and all members of the Class, have standing to assert UCL claims against Defendants.

194.    Defendants have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above, inclusive, *to wit*, by: (a) failing to pay to Plaintiffs and the Class their overtime compensation pursuant to California Labor Code §§ 510 and 1194; and (b) failing to pay to Plaintiffs and the Class their overtime compensation pursuant to the FLSA.

195.    By failing to pay its employees overtime in violation of FLSA and the California Labor Code, Defendants violated the UCL.

196.    Violations of the FLSA are unlawful acts which are independently actionable under the UCL.  *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 761 (9th Cir. 2010); *In re Wells Fargo Home Mortgage Litig.*, 527 F. Supp. 2d 1053, 1066-69 (N.D. Cal. 2007).  Such cases are certifiable as nationwide class actions under Fed. R. Civ. P. 23 where the unlawful, unfair, unconscionable, and/or fraudulent business acts or practices which injured Plaintiffs and the Class were conducted by Defendants in material part in the state of California, and emanated to their business operations in other states.  *Id.*

197.    By failing to pay its employees for the time spent in security checkpoints at the end of each shift as described above, Defendants engaged in unlawful, unfair, unconscionable, and/or fraudulent business acts or practices in violation of the UCL.

198.    By failing to maintain accurate employment records under the FLSA and/or other applicable wage-and-hour laws, Defendants engaged in unlawful, unfair, unconscionable, and/or fraudulent business acts or practices in violation of the UCL.

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

35

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

199.    The acts complained of herein, and each of them, constitute unfair, unlawful, unconscionable, and/or fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*  Defendants' acts and practices described herein offend established public policies, including, but not limited to, those set forth in the FLSA and/or other applicable wage-and-hour laws, and involve business practices that are immoral, unethical, oppressive, and/or unscrupulous.

200.    The unfair business practices set forth above have and continue to injure Plaintiffs, the Class, and the general public and cause injury and the loss of money as described further within. These violations have unjustly enriched the Defendants at the expense of Plaintiffs and the Class. As a result, Plaintiffs, the Class, and the general public are entitled to restitution and an injunction.

201.    Plaintiffs seek, on their own behalf, and on behalf of other similarly situated members of the Class, and on behalf of the general public, full restitution of monies as necessary and according to proof that were withheld, acquired, and/or converted by the Defendants by means of the unfair practices complained of herein.

202.    The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

203.    Upon information and belief, Plaintiffs allege that at all times herein mentioned Defendants have engaged in unlawful, deceptive, and unfair business practices as proscribed by Cal. Bus. & Prof. Code §§ 17200 *et seq.*, including those set forth herein above thereby depriving Plaintiffs and other members of the Class and general public the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

204.    The conduct of Defendants and their agents, employees, and managerial employees as described herein was oppressive, fraudulent, malicious, and done in conscious disregard of Plaintiffs' and the Class members' rights.

205.    Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiffs in a civil action for the unpaid balance of the full amount of wages owing,

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

36

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of the California Labor Code.

206.     Such a pattern, practice, and uniform administration of an unlawful, deceptive, and unfair business practice as described herein creates an entitlement to recovery by Plaintiffs and the Class in a civil action for damages and wages owed.

**COUNT X**
**(Violation of Kentucky State Law: Ky. Rev. Stat. Ann. § 337.275, *et seq.*,**
**Brought by Plaintiff on Behalf of the Kentucky State Class)**

207.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

208.     Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. *See* Ky. Rev. Stat. Ann. §§ 337.275, *et seq.* (hereinafter referred to as the "Kentucky Wage Statutes").

209.     Ky. Rev. Stat. Ann. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek.

210.     During all times material to this complaint, Defendants were covered employers required to comply with the Kentucky Wage Statutes.

211.     During all times material to this complaint Plaintiffs and the Kentucky Class were covered employees entitled to the protections of the Kentucky Wage Statutes.

212.     Plaintiffs are not exempt from receiving the Kentucky Wage Statutes' overtime benefits because they do not fall within any of the exemptions set forth therein.  *See* Ky. Rev. Stat. Ann. § 337.285(2).

213.     Defendants have violated the Kentucky Wage Statutes with respect to Plaintiffs and the Kentucky Class by, *inter alia*, failing to compensate them at applicable straight time and/or time-

**SECOND AMENDED COMPLAINT—**
**CLASS ACTION AND FLSA**                    37
**COLLECTIVE ACTION**

**JOHNSON BECKER, PLLC**
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

and-one-half overtime rates for the entire time they have spent proceeding through Defendants' mandatory security clearances.

214.    Defendants acted willfully and with reckless disregard of clearly applicable provisions of the Kentucky Wage Statutes.

215.    Pursuant to the Kentucky Wage Statutes, specifically Ky. Rev. Stat. Ann. § 337.385, Defendants, because they failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

216.    Pursuant to the Kentucky Wage Statutes, specifically Ky. Rev. Stat. Ann. § 337.385, Plaintiffs are also entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid overtime wages.

## COUNT XI
### (Violation of Arizona State Law: A.R.S. §§ 23-363, *et seq.*, Brought by Plaintiffs on Behalf of the Arizona State Class)

217.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

218.    Arizona state law requires that covered employees be paid a minimum wage for hours worked.  *See* A.R.S. § 23-363 (hereinafter referred to as the "Arizona Wage Statutes").

219.    During all times material to this complaint Defendants were covered employers required to comply with the Arizona Wage Statutes.

220.    During all times material to this complaint Plaintiffs and the Arizona Class were covered employees entitled to the protections of the Arizona Wage Statutes.

221.    Defendants have violated the Arizona Wage Statutes with respect to Plaintiffs and the Arizona Class by, *inter alia*, failing to compensate them for the entire time they have spent proceeding through Defendants' mandatory security clearances.

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

38

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

222.    Defendants acted willfully and with reckless disregard of clearly applicable provisions of the Arizona Wage Statutes.

223.    Pursuant to the Arizona Wage Statues, specifically A.R.S. § 23-364, Defendants, because they failed to pay employees the required amount, must reimburse the employees the balance of wages owed, including interest thereon, and an additional amount equal to twice the underpaid wages.

### COUNT XII
### (Violation of Pennsylvania State Law: 43 P.S. § 333.101, *et seq.,*
### Brought by Plaintiff on Behalf of the Pennsylvania State Class)

224.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

225.    Pennsylvania state law requires that covered employees be compensated for every hour worked in a workweek.  *See* 43 P.S. § 333.104(a) (hereinafter referred to as the "Pennsylvania Wage Statutes").

226.    43 P.S. § 333.104(c) requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty in one workweek.

227.    During all times material to this complaint, Defendants were covered employers required to comply with the Pennsylvania Wage Statutes.

228.    During all times material to this complaint Plaintiffs and the Pennsylvania Class were covered employees entitled to the protections of the Pennsylvania Wage Statutes.

229.    Plaintiffs are not exempt from receiving the Pennsylvania Wage Statutes' overtime benefits because they do not fall within any of the exemptions set forth therein.

230.    Defendants have violated the Pennsylvania Wage Statutes with respect to Plaintiffs and the Pennsylvania Class by, *inter alia,* failing to compensate them at applicable straight time

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

39

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

and/or time-and-one-half overtime rates for the entire time they have spent proceeding through Defendants' mandatory security clearances.

231.    Defendants acted willfully and with reckless disregard of clearly applicable provisions of the Pennsylvania Wage Statutes.

232.    Pursuant to the Pennsylvania Wage Statutes, specifically 43 P.S. § 333.113, Defendants, because they failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for costs and attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

    a.    certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

    b.    certifying this action as a class action pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiffs' state law claims (Counts II-XII)[11];

    c.    ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all Class members, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Class of their rights by law to join and participate in this lawsuit;

    d.    designating Plaintiffs as the representatives of the Class and undersigned counsel as Class counsel;

    e.    declaring that Defendants violated the FLSA;

    f.    declaring that Defendants' violation of the FLSA was willful;

    g.    granting judgment in favor of Plaintiffs and against Defendants and awarding Plaintiffs and the Class the full amount of damages and liquidated damages available by law;

    h.    awarding reasonable attorney fees and costs incurred by Plaintiffs in filing this action as provided by statute;

---

[11] As noted in Claim III, certification of Claim III is pled in the alternative.

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

40

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

i.   awarding pre- and post-judgment interest to Plaintiffs on these damages; and

j.   awarding such other and further relief as this Court deems appropriate.

Dated: December 20, 2013                  Respectfully Submitted,

                                          s/ Jacob R. Rusch
                                          Jacob R. Rusch
                                          MN Bar No. 391892
                                          Timothy J. Becker
                                          MN Bar No. 256663
                                          JOHNSON BECKER, PLLC
                                          33 South Sixth Street, Suite 4530
                                          Minneapolis, Minnesota 55402
                                          Telephone: (612) 436-1800
                                          Facsimile: (612) 436-1801
                                          jrusch@johnsonbecker.com
                                          tbecker@johnsonbecker.com

                                          Jason J. Thompson
                                          MI Bar No. P47184
                                          Jesse L. Young
                                          MI Bar No. P72614
                                          SOMMERS SCHWARTZ, P.C.
                                          One Towne Square, Suite 1700
                                          Southfield, Michigan 48076
                                          248-355-0300
                                          jthompson@sommerspc.com
                                          jyoung@sommerspc.com

                                          Steven R. Maher
                                          FL Bar No. 887846
                                          Senthia Santana
                                          FL Bar No. 32789
                                          MAHER LAW FIRM, P.A.
                                          631 West Morse Blvd., Suite 200
                                          Winter Park, FL 32789
                                          Telephone: (407) 839-0866
                                          smaher@maherlawfirm.com
                                          sdtowery@maherlawfirm.com

                                          *Trial Counsel for Plaintiffs*

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA                41
COLLECTIVE ACTION

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Adam J. Berger, WSBA #20714
Rebecca J. Roe, WSBA #7560
810 Third Avenue, Suite 500
Seattle, WA 98104
Telephone: (206) 622-8000
Facsimile: (206) 682-2305
berger@sgb-law.com
roe@sgb-law.com

*Local Counsel for Plaintiffs*

**SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION**

42

**JOHNSON BECKER, PLLC**
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

1

2

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON

3

4

5

6

7

8

9

10

11

12

13

**Willetha Allison, Aleshia Anderson,
Rashaad Daniels, Lamount Evans,
Shawn Mayer, Kion McLemore,
Raymond McNally, Frances Vasque,
Shakura Felder, and William Wimberly,**
on behalf of themselves and all
others similarly situated,

     Plaintiffs,

v.

**Amazon.com, Inc., Integrity Staffing
Solutions, Inc., AF Operations, LLC, SMX,
LLC, and DOEs 1-50, jointly and severally,**

     Defendants.

No. 2:13-cv-01612-RSL

**SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA COLLECTIVE
ACTION**

**JURY DEMAND**

14

### JURY DEMAND

15

16

17

18

19

20

     **NOW COME** Plaintiffs, Willetha Allison, Aleshia Anderson, Rashaad Daniels, Lamount Evans, Shawn Mayer, Kion McLemore, Raymond McNally, Rances Vasque, Shakura Felder, and William Wimberly, by and through their undersigned counsel, and hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

21

22

23

24

25

26

27

28

---

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA
COLLECTIVE ACTION

43

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800

1  Dated:  December 20, 2013

2  Respectfully Submitted,

 s/ Jacob R. Rusch
3  Jacob R. Rusch
   MN Bar No. 391892
   Timothy J. Becker
4  MN Bar No. 256663
   JOHNSON BECKER, PLLC
5  33 South Sixth Street, Suite 4530
   Minneapolis, Minnesota 55402
6  Telephone: (612) 436-1800
   Facsimile: (612) 436-1801
7  jrusch@johnsonbecker.com
   tbecker@johnsonbecker.com
8

9  Jason J. Thompson
   MI Bar No. P47184
10  Jesse L. Young
   MI Bar No. P72614
11  SOMMERS SCHWARTZ, P.C.
   One Towne Square, Suite 1700
12  Southfield, Michigan 48076
   248-355-0300
13  jthompson@sommerspc.com
   jyoung@sommerspc.com
14

15  Steven R. Maher
   FL Bar No. 887846
16  Senthia Santana
   FL Bar No. 32789
17  MAHER LAW FIRM, P.A.
   631 West Morse Blvd., Suite 200
18  Winter Park, FL 32789
   Telephone: (407) 839-0866
19  smaher@maherlawfirm.com
   sdtowery@maherlawfirm.com
20

21  *Trial Counsel for Plaintiffs*

22

23  Adam J. Berger, WSBA #20714
   Rebecca J. Roe, WSBA #7560
24  810 Third Avenue, Suite 500
   Seattle, WA 98104
25  Telephone: (206) 622-8000
   Facsimile: (206) 682-2305
26  berger@sgb-law.com
   roe@sgb-law.com
27

28  *Local Counsel for Plaintiffs*

SECOND AMENDED COMPLAINT—
CLASS ACTION AND FLSA          44
COLLECTIVE ACTION

JOHNSON BECKER, PLLC
33 SOUTH 6TH STREET, SUITE 4530
MINNEAPOLIS, MN, 55402—612.436.1800